## Anton Krayouska, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 6,351.    (Not to be reported in full.)

Appeal from the City Court of Spring Valley; the Hon. W. H. HAWTHORNE, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 19, 1917.

### Statement of the Case.

Action by Anton Krayouska, plaintiff, against the Spring Valley Coal Company, defendant, to recover damages for personal injuries received while working as a miner in defendant's coal mine. From a judgment for plaintiff for eight hundred dollars, defendant appeals.

McDougall, Chapman & Bayne, for appellant; Mastin & Sherlock, of counsel.

G. F. Wagner, for appellee.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

### Abstract of the Decision.

1. Mines and minerals, § 186*—*when giving of instruction based on nonexistent statute as to duty of owner as to allowing employee to enter mine is reversible error.* In an action for personal injuries sustained by a miner who was struck by an empty car which from some cause ran down an incline without apparently being in charge of any servant of the defendant, where one of the counts charged violation of a statute making it the duty of defendant not to allow any employee to enter the mine in question or to work therein unless he did so under the direction of the mine manager, and such statute was no longer a part of the mining law, but an instruction had been given that plaintiff had a right to recover under the allegations of this count, held that inasmuch as it clearly appeared in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the evidence that the defendant did allow plaintiff to enter the mine and work therein without being under the direction of the mine manager, the jury could properly infer from such instruction that the defendant had in such respect violated a duty required of it by law and that plaintiff had a right to recover on that ground, and as the verdict may have been based in whole or in part on such erroneous idea of the defendant's statutory duty, the giving of the instruction constituted reversible error.

2.  MINES AND MINERALS, § 156*—*when admission of evidence as to custom of miners in operation of cars is erroneous.* In an action by a coal miner for injuries sustained by being struck by an empty car running down an incline in the coal mine, *held* that the admission of evidence concerning the habit of one of the miners to permit cars to run down the incline by force of gravity was erroneous.